Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 147 | **DATE** | 5/2/2003 |
| **CASE TITLE** | Dabbs vs. Arthur Andersen, LLP | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Defendant's motion to dismiss the second amended complaint [21-1] is granted. Case dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | MAY 0 5 2003 date docketed | |
| | Notified counsel by telephone. | | | 26 |
| | Docketing to mail notices. | | docketing deputy initials | |
| X | Mail AO 450 form. Mailed by MD. | | | |
| | Copy to judge/magistrate judge. | | 5/2/2003 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KATRINA DABBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 02 C 0147 |
| | ) Judge Joan H. Lefkow |
| ARTHUR ANDERSEN, L.L.P., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before this court is the motion of defendant Arthur Anderson, L.L.P. ("Anderson") to dismiss the second amended complaint filed by plaintiff Katrina Dabbs ("Dabbs"). Anderson rests on Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief may be granted.

On December 4, 2002, this court dismissed plaintiff's amended complaint as untimely filed. *Dabbs v. Arthur Andersen, L.L.P.*, No. 02 C 0147, 2002 WL 31729019, *3 (N.D. Ill. Dec. 4, 2002). As relevant here, the court determined that plaintiff could not demonstrate equitable tolling based on her allegation that she was not aware of procedures at Anderson to report sexual harassment. But the court granted leave to replead if plaintiff could allege that Anderson did not post notices in compliance with Equal Employment Opportunity Commission ("EEOC") guidelines promulgated pursuant to 42 U.S.C. § 2000e-10 and 29 C.F.R. § 1601.30(a). Specifically, the court stated,

> Although a civil rights claim need not be pled with particularity, the court believes, to justify putting defendant to the task of defending this lawsuit, Dabbs must be able to allege in good faith, at a minimum, that to the best of her knowledge notices were not posted and when she acquired knowledge of her rights.



*Dabbs*, 2002 WL 31729019, at *3.

In her second amended complaint, Dabbs alleges that she "was not aware of any procedures at [defendant] to report harassing behavior and no such procedures were explained to [plaintiff]. Further, in the physical areas at [defendant] where [plaintiff] worked, [defendant] failed to post any notices of fair employment practices or procedures to report harassing behavior." (Sec. Am. Compl. ¶ 12.) Anderson argues that plaintiff's allegations concerning its failure to post notices are insufficient, even if proved, to toll the statute of limitations. Specifically, Anderson points out that the relevant statutory provision, 42 U.S.C. § 2000e-10, states,

> Every employer . . . shall post and keep posted in conspicuous places upon its premises where notices to employees . . . are customarily posted a notice to be prepared or approved by the [EEOC] setting forth excerpts from or, summaries of, the pertinent provisions of this subchapter and information pertinent to the filing of a complaint.

Because plaintiff does not allege that Anderson failed to post notices "in conspicuous places" but rather alleges Anderson failed to post such notices "in the physical areas" where she worked, Anderson argues that plaintiff alleges insufficient facts to justify equitable tolling.

In her response brief, plaintiff asserts that her allegations show equitable tolling because, at the time of her injuries, she had insufficient information to conclude that she had a discrimination claim. (Pl. Resp. at 3.) As discussed in its earlier order, this court has already determined that this assertion is insufficient grounds for equitable tolling. *See Dabbs*, 2002 WL 31729019, at *2.[1]

---

[1] Furthermore, should Dabbs be attempting to allege facts to demonstrate that she was not injured until she was fired, as discussed at footnote 3 of the earlier order, plaintiff's allegations undermine her assertion. Unlike paragraph 14 of the amended complaint which alleges that plaintiff discovered she was fired at an unspecified time

2

Additionally, the court further recognizes that plaintiff asserts she "does *not* allege Title VII notices were *not* posted in places which are considered 'conspicuous' as a matter of law." (Pl. Resp. at 3) (emphasis added). Surprisingly, she further asserts that, assuming Anderson posted notices, she has no recollection. These assertions are misguided and self-serving.

As a final matter, before the court dismisses plaintiff's second amended complaint, the court acknowledges that it reviewed Anderson's counsel's letter, dated January 17, 2001, that Anderson attaches to its motion and represents it sent to plaintiff's counsel. In this letter, Anderson asserts that it posted EEOC notices in its employee break rooms and, in any event, plaintiff received information from Choice for Staffing (the temporary employment agency that placed plaintiff with defendant) about sexual harassment as early as September 2000. As evidence, Anderson submits an unauthenticated orientation brochure from Choice for Staffing that includes information on sexual harassment and an unauthenticated "Policy Review Agreement" with plaintiff's purported signature. Based on these facts, Anderson contends that plaintiff is disingenuous about her allegations concerning when she acquired knowledge of her rights. Anderson ends its letter by stating that should plaintiff continue to misrepresent when she acquired knowledge of her rights, defendant will seek sanctions pursuant to Rule 11.

In her response brief, plaintiff addresses the allegations raised in defendant's letter. (Pl. Resp. at 3.) She asserts that her signature on the "Policy Review Agreement" is inconsequential because her complaint is only against Anderson, which she contends is her joint employer. As

---

after she left Anderson, the second amended complaint alleges that on November 3, 2000, Choice for Staffing told her that she would not be hired again because she was not doing the work at Anderson and was surfing the Internet but that she knew these reasons were false. (Sec. Am. Compl. ¶¶ 14-15.) Plainly, then, plaintiff's discrimination claim accrued on November 3, 2000. See cases cited at *Dabbs*, 2002 WL 31729019, at *2.

3

support, plaintiff cites cases that concern whether Anderson is plaintiff's joint employer, but which do not address equitable tolling. Plaintiff also asserts that she cannot remember the contents of the brochure.

Although the evidence which Anderson submits is more appropriate for consideration on summary judgment, it does confirm that Dabbs is unable to plead that notices were not posted. The fact that Dabbs received knowledge of her rights from Choice for Staffing and not Anderson is immaterial. *See Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862 (5th Cir. 1983) (granting summary judgment in favor of employer and stating, "[D]espite [the defendant's] alleged failure to post the EEOC notices, the facts here strongly suggest that plaintiff had ample opportunity to learn of the existence of the EEOC and its procedures. The record demonstrates that plaintiff was represented by a [union] representative at the [grievance] hearing and therefore had access to a means of discovering basic information about Title VII."); *cf. Shaw v. AutoZone, Inc.*, 180 F.3d 806, 811 (7th Cir. 1999) (holding, *inter alia*, that the defendant demonstrated it exercised reasonable care in disseminating an anti-harassment policy where the plaintiff signed a form that she received the employee handbook with said policy and stating, "[u]nder these circumstances, even if [the plaintiff] did not have actual knowledge of the policy, she had constructive knowledge of the anti-harassment policy."). As discussed in the earlier opinion, in order to lay the groundwork for equitable tolling, plaintiff must show either that within 300 days of filing the charge she did not know she was injured, which she cannot do, or that Anderson did not post the notices, which she cannot do. For these reasons, the court will grant the motion to dismiss. The court does extend its thanks to appointed counsel for his advocacy on plaintiff's behalf.

4

## ORDER

For the reasons stated above, the court grants defendant's motion to dismiss the second amended complaint [#21], with prejudice. This case is terminated.

_____
Joan Humphrey Lefkow
United States District Judge

Entered: May 2, 2003